# Morgan Lewis

**Rachel Fertig**
+1.202.739.5396
Rachel.fertig@morganlewis.com

July 6, 2021

**VIA ECF**

Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:     Request for Pre-Motion Discovery Conference re Defendant Music Sales'
        Discovery Deficiencies in *Paulette Rubinstein v. Music Sales Corporation*, Civil
        Action No. 19-cv-11187-LJL-JLC**

Dear Judge Liman:

We represent Plaintiff Paulette Rubinstein in this action.  We write pursuant to Local Civil
Rule 37.2 and Rule 4(B) of Your Honor's Individual Practices In Civil Cases to respectfully
request a pre-motion discovery conference with the Court to seek an order (1) compelling
Defendant Music Sales to serve complete discovery responses and produce documents
responsive to Plaintiff's outstanding requests and (2) extending the case deadlines by 90
days, in accordance with the Proposed Fourth Amended Case Management Plan attached
hereto as Exhibit A, which would provide time for Defendant to cure its discovery
deficiencies, allow Plaintiff time to review Defendant's responses, take meaningful
depositions, and facilitate a potential settlement of this case.

In light of the upcoming close of fact discovery on July 12, 2021, Plaintiff has, in accordance
with Federal Rule of Civil Procedure 37(a)(1), conferred in good faith with Defendant
regarding Defendant's continued discovery deficiencies, namely, failure to provide complete
and proper responses to Plaintiff's Second Set of Interrogatories and First Set of Requests
for Admissions as well as its failure to substantially complete production of documents in
response to Plaintiff's First and Second Requests for Production of Documents. As a result
of a meet and confer on July 1, 2021 and further email discussions on July 6, both parties
consent to a discovery conference with Your Honor and the Proposed Fourth Amended Case
Management Plan attached hereto as Exhibit A.  Defendant, however, does not agree that its
responses to Plaintiff's interrogatories or requests for admission are improper.   Plaintiff

**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW
Washington, DC  20004        **T** +1.202.739.3000
United States               **F** +1.202.739.3001

July 6, 2021
Page 2

believes that both parties seek the Court's guidance regarding these remaining discovery disputes.

As relevant to the present disputes, on May 7, 2021, Plaintiff filed a Joint Reply in Advance of Pre-Motion Discovery Conference with consent of Defendant to advise the Court of the parties' agreement to a "schedule to resolve the discovery disputes" in accordance with Chart 3 therein, *see* ECF No. 60, which the Court endorsed and entered as ECF No. 63.  To accommodate the transition to new counsel for the Defendant on May 7, 2021, Plaintiff agreed to provide until June 21, 2021 (45 days) for Defendant to respond to Plaintiff's discovery requests originally served in October 2020 and April 2021. *See* ECF No. 63 at 3.

On the agreed upon deadline of June 21, 2021, Defendant produced only 22 documents without specifying a date for substantial completion, failed to provide responses to 11 of Plaintiff's interrogatory requests[1] and 30 of Plaintiff's requests for admissions.[2]  As of the time of filing this letter, Defendant has not produced additional documents or corrected any of its deficient responses to Plaintiff's interrogatories and requests for admissions despite receiving deficiency letters from Plaintiff  on June 23 and 29, 2021 and conferring on July 1, 2021.  *See* Exhibits B and C containing, respectively, Plaintiff's June 23 and June 29 letter.[3]

During the July 1 meet and confer, however, Defendant advised that it anticipated being able to substantially complete production of documents within 30 days.  Given that depositions were supposed to be completed by July 12, 2021 under ECF Nos. 63 and 64, Defendant's failure to correct its deficient written discovery responses and failure to substantially produce documents has materially impaired Plaintiff's ability to prepare for depositions.

---

[1] Defendant has not responded to Interrogatory Nos. 11–19 and 22-23. *See* Exhibits C, G, and M.

[2] Defendant improperly refuses to admit or deny Requests for Admission Nos. 1, 5, 10, 11, 13, 14, and 15 on the basis that they "call[] for a legal conclusion."  Defendant also refuses to admit or deny Requests for Admission Nos. 12, 18-20, 23-30, 32-34, 36-37, 40-42, 46, and 49-50 on various improper grounds, including that certain requests "seek[] information more readily obtainable through [Plaintiff's] Requests for Document Production which have already been served on MSC."  *See* Exhibits C, F, and L.

[3] Additionally, for the convenience of the Court, Exhibits D-I contain, respectively, Defendant's written discovery responses as follows: (Ex. D) Response to First Set of Requests for Production; (Ex. E) Response to Second Set of Requests for Production; (Ex. F) Response to First Set of Requests for Admissions; (Ex. G) Response to Second Set of Interrogatories; (Ex. H) June 28 Letter responding to Plaintiff's June 23 Letter; (Ex. I) July 6 Letter responding to Plaintiff's June 29 Letter.
Further, Exhibits J-M contain, respectively, Plaintiff's: (Ex. J) First Set of Requests for Production; (Ex. K) Second Set of Requests for Production; (Ex. L) First Set of Requests for Admissions; and (Ex. M) Second Set of Interrogatories.

July 6, 2021
Page 3

Accordingly, wishing to avoid further requests for extensions, the parties agreed to extend remaining deadlines by 90 days, subject to the Court's approval.

In light of Defendant's continued delay in providing complete discovery responses, Plaintiff respectfully requests a pre-motion discovery conference with the Court and seeks an order compelling Defendant Music Sales to correct its discovery deficiencies according to the deadlines in Chart 1 below.

**Chart 1**

| **Outstanding Discovery Requests** | **Deadline to Serve Complete/Corrected Responses and Substantial Completion of Production of Responsive Documents** |
|---|---|
| Plaintiff's First Set of Requests for Admissions, timely served April 12, 2021 | **July 13, 2021** Defendant to admit or deny each request; requests not admitted or denied by July 13, 2021 to be deemed admitted |
| Plaintiff's First Set of Requests for Production, timely served October 12, 2020 | **August 6, 2021** Defendant to substantially complete production of documents |
| Plaintiff's Second Set of Requests for Production, timely served April 12, 2021 | **August 6, 2021** Defendant to substantially complete production of documents |
| Plaintiff's Second Set of Interrogatories, timely served April 12, 2021 | **August 6, 2021** Defendant to serve complete responses to all interrogatories |
| Fact Depositions | All fact depositions to occur between **September 28 – October 12, 2021**, or earlier if agreed by the parties. |

Sincerely,

/s/ Rachel E Fertig
Rachel E. Fertig