# **<u>Exhibit C</u>**

# Morgan Lewis

**Rache E. Fertig**
Associate
+1.202.739.5396
Rachel.fertig@morganlewis.com

June 29, 2021

**VIA EMAIL**

Brian D. Caplan
Madison A. Kucker
Reitler Kailas & Rosenblatt
885 Third Avenue, 20th Floor
New York, New York 10022
Email: bcaplan@reitlerlaw.com
Email: mkucker@reitlerlaw.com

Re:   *Paulette Rubinstein v. Music Sales Corporation*,
      S.D.N.Y. Case No. 19-cv-11187

Dear Counsel:

We write in response to Defendant Music Sales' June 21, 2021 responses and objections to Plaintiff Paulette Rubinstein's Second Set of Interrogatories and First Set of Requests for Admission served April 12, 2021. While we continue to review the responses, in the interest of time, we wish to address certain objections to these requests. Please confirm that Defendant will serve complete responses to Plaintiff's Second Set of Interrogatories and First Set of Requests for Admission no later than July 1, 2021. If Defendant cannot meet that deadline, please confirm your availability to meet and confer by phone on or before June 30, 2021 about the issues in this letter.

**Plaintiff's Second Set of Interrogatories**

Interrogatory Nos. 11–18 and 22-23

Defendant objects to Plaintiff's Second Set of Interrogatories on the basis that the interrogatories violate Local Civil Rule 33.3(a) and provides no substantive responses to Interrogatory Nos. 11–18 and 22-23.[1] As stated in the third sentence of Plaintiff's Second Set of Interrogatories, they "are limited to the 15 total Local Rule 33.3(b) and 33.3(c) interrogatories allowed pursuant" to the case management order in effect when the discovery was served, namely, ECF No. 48.

---

[1] We note that Defendant's response to Interrogatory No. 18 ends by stating "Subject to the foregoing objections, Defendant states as follows:" with no further response. Please confirm that you will send the substantive response by July 1, 2021.

**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW
Washington, DC  20004         T +1.202.739.3000
United States                 F +1.202.739.3001

As you are aware, Local Civil Rule 33.3(b) permits interrogatories that "are a more practical method of obtaining the information sought than a request for production or a deposition" and Local Civil Rule 33.3(c) permits interrogatories regarding "the claims and contentions of the opposing party." Plaintiff's Interrogatories 11-23 comply with Local Civil Rule 33.3(b) or (c), as applicable.

Moreover, any objection that Plaintiff's Second Set of Interrogatories are untimely is improper because ECF No. 48 required that contention interrogatories be served consistent with Local Rule 33.3(c), meaning "[a]t the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date…unless the Court has ordered otherwise." At the time the interrogatories were served, on April 12, 2021, fact discovery was scheduled to end 30 days later, on May 12, 2021. *See* ECF No. 48. On May 7, 2021, upon the parties' agreement, the Court extended the deadline to respond to Plaintiff's Second Set of Interrogatories to June 21, 2021. See ECF Nos. 63 and 64. Given that the amended discovery schedule does not contemplate the Plaintiff re-serving its Rule 33.3(b) and 33.3(c) interrogatories, and the Court—with Defendant's agreement—ordered Defendant to respond by June 21, 2021, objecting to the interrogatories as untimely is improper.

Interrogatory No. 19

Defendant's response states that "[a] breakdown of all royalties received by MSC relating to the Composition is attached hereto" but no such information was attached to Defendant's responses served on June 21, 2021.

Interrogatory No. 23

Interrogatory No. 23 requests that Defendant "Identify all legal entity and trade names under which You registered as a music publisher with Broadcast Music, Inc. in the United States between December 2, 1985 and August 31, 2020." Defendant objects in part on the grounds that it is overly broad, unduly burdensome, and irrelevant to either party's claims or defenses. Defendant offers no explanation of the purported undue burden, and it defies logic that Defendant, a music publisher, cannot easily ascertain the names under which it has registered as a music publisher with Broadcast Music, Inc. for the purpose of collecting licensing revenue. Please confirm that the entities identified at MSC00280-281 represent the full list of legal entities and trade names under which Music Sales Corporation has registered as a music published with Broadcast Music, Inc., in the United States between December 2, 1985 and August 31, 2020.

**Plaintiff's First Set of Requests for Admission**

As a preliminary matter, we note that Defendant objects to a number of Plaintiff's Requests for Admission on the basis that they seek information more readily ascertainable through the Requests for Production already served on Defendant. Federal Rule of Civil Procedure 36 does not allow this objection. *See* Fed. R. Civ. P. 36(a)(4) ("If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."). Moreover, as noted in our June 23, 2021 letter, Defendant has not substantially completed its production, and has to date produced a total of 22 documents. We look forward to the substantial completion of Defendant's production, including the documents that purportedly address these Requests no later than July 1, 2021.

In addition, Defendant's failure to answer Requests for Admission Nos. 1, 5, 10, 11, 13, 14, and 15 on the basis that they "call[] for a legal conclusion" is improper. Federal Rule of Civil Procedure 36(a)(1) is crystal clear that Requests for Admission may seek admissions relating to

2

"facts, the application of **law to fact**, or opinions about either" concerning nonprivileged matters that are relevant to any party's claim or defense. Fed. R. Civ. P. 36(a)(1)(A) (emphasis added). Given your agreement that Request for Admission Nos. 11, 13, 14, and 15 "speak[] to the heart of the issue at stake in this litigation," Defendant cannot refuse to answer these Requests which are clearly within the scope of Federal Rules of Civil Procedure 26(b)(1) and 36(a). Moreover, Defendant cannot seriously contend that Requests for Admission Nos. 1, 5, and 10 are outside the scope of 26(b)(1) given that they address the original and renewal copyright registrations for the Composition at issue in the litigation as well as the copyright status of the Composition.

Requests for Admission Nos. 1–2, 5–8, 16, 18, 32

Defendant objects to Requests for Admission Nos. 1–2, 5–8, 16, 18, and 32 on the grounds that Plaintiff has not provided copies of referenced documents as required by CPLR 3123(a). Requests for Admission in the Southern District of New York are governed by Federal Rule of Civil Procedure 36 not CPLR 3123(a), and no such requirement applies unless the requesting party is seeking confirmation of the "genuineness of [the] described document." Plaintiff only sought such admissions with respect to Request Nos. 18 and 32 and provided a copy of each document at ECF Nos. 25-2 and 25-4, respectively (as stated in the definitions in Plaintiff's Requests for Admissions). Although not required, Plaintiff also provided copies of the Record of Original Registration (ECF No. 25-1), Record of Renewal Registration (ECF No. 25-3); and provided detailed information in its definitions with which to inspect the public records for the Original Registration, Renewal Registration, and U.S. Copyright Office record of the March 1961 Agreement.[2] Notably, Defendant also produced copies of many of these documents from its own records (*see, e.g.*, MSC00298-299; MSC00303-304; MSC00369-371) and thus had sufficient information with which to admit or deny all of these Requests for Admissions.

Requests for Admission Nos. 3, 4, 12, 14, 17, 19–22, 25–27, 29, 31, 33–37, 39–40, 45–46, 48–50

Defendant objects to Requests for Admission Nos. 3, 4, 12, 14, 17, 19–22, 25–27, 29, 31, 33–37, 39–40, 45–46, and 48–50 on the basis that the term "MSC Affiliate" is vague, ambiguous, and undefined. The defined terms that appear in the Requests for Admission define "MSC Affiliate" as "MSC's predecessors, corporate parent, subsidiaries, or affiliates." Defendant responded to other Requests for Admission that use the same defined term. *See* Response Nos. 8, 9.

Requests for Admission Nos. 23-30, 42

Defendant objects to Requests for Admission Nos. 23-30 and 42 on the basis that they seek privileged and confidential information. Defendant cannot resist discovery on the basis that responsive information is confidential or proprietary. A Protective Order was previously entered in this case. *See* ECF No. 53. Defendant must respond fully to the Requests for Admission and may designate information under the Protective Order if appropriate.

Defendant also objects to Requests for Admission Nos. 23-30, which relate to the property that Defendant acquired from Valiant, on the basis of relevance. These requests seek information relevant to Plaintiff's copyright infringement claim, as the nature of Defendant's acquisitions from Valiant is relevant to Defendant's purported rights in the Composition, if any.

---

[2] In any event, the Original Registration, Renewal Registration, and March 1961 Agreement have all been produced by Plaintiff at the following Bates numbered documents: PR_0000012-14; PR_0000001-03; and PR_0000009-11, respectively.

3

Please confirm that Defendant will serve complete and proper responses to Plaintiff's Second Set of Interrogatories and First Set of Requests for Admissions no later than July 1, 2021.

Plaintiff continues to review Defendant's responses and objections and reserves all rights to compel complete responses. We look forward to receiving Defendant's corrected responses no later than July 1, 2021 or scheduling a meet and confer no later than June 30, 2021 if Defendant does not plan to meet the July 1 deadline.

Best regards,

*/s/ Rachel E. Fertig*

Rachel E. Fertig