# **Exhibit I**



New York
885 Third Avenue, 20th Floor
New York, NY 10022-4834
Tel: 212.209.3050
Fax: 212.371.5500

Princeton
4 Independence Way, Ste. 120
Princeton, NJ 08540
Tel: 609.514.1500
Fax: 609.514.1501

www.reitlerlaw.com

July 1, 2021

**VIA EMAIL**
Rachel E. Fertig, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004

Re:  **Paulette Rubinstein v. Music Sales Corporation; 19-cv-11187**

Dear Counselors:

We write in response to your letter dated June 29, 2021, regarding Music Sales Corporation's (hereinafter "Music Sales") Responses and Objections to your client's Second Set of Interrogatories. We will provide a formal response under separate cover responding to the portion of your letter which pertains to the First Set of Requests for Admissions.

In regard to your Second Set of Interrogatories, Music Sales objects to and rejects your argument that Local Rule 33.3(a) does not apply. Moreover, despite your opening statement in Paragraph 1 of your Second Set of Interrogatories dated April 12, 2021, the Local Rules make clear that your attempted application of Local Rule 33.3(b) and 33.3(c) during this stage of discovery is improper and does not entitle you to any additional responses aside from those which you have already received.

Specifically, Local Rule 33.3(a) establishes that, unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents. Your Second Set of Interrogatories clearly goes above and beyond the limitations imposed by 33(a) and as such your interrogatories are improper. Local Rule 33.3(b) establishes that during discovery, interrogatories other than those seeking information described in paragraph (a) above may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court. As you are aware, there is no such court order in place and the interrogatories are most certainly not a more practical method of obtaining the information sought. Your client has already served excessive demands for document production and depositions and the information you seek is more readily available through those means. Your Second Set of Interrogatories are excessive, overly broad, unduly burdensome and entirely disproportional to the needs and value of the case.

276292

July 1, 2021
Page 2 of 2

As we have already advised, the Composition in dispute If I'm Lucky, I'll Be The One (the "Composition"), earned a total of $619.44 from 2011 – 2020. Furthermore, in accordance with the three-year statute of limitations governing copyright matters, to the extent your client is entitled to any damages at all, she is limited to those incurred three years from the date the pleadings were filed, further diminishing the value of the case. Your excessive discovery demands are unduly burdensome and appear to be intended merely to harass our client Music Sales.

Additionally, as you are aware, Local Rule 33.3(c) authorizes the service of contention interrogatories only at the conclusion of discovery, unless the Court has ordered otherwise. As discovery is still ongoing, depositions have not yet been conducted, and the court has not ordered otherwise, Local Rule 33.3(c) does not entitle you to further responses at this juncture. Music Sales maintains that the Second Set of Interrogatories are untimely, in that they have been served prematurely. While the bottom paragraph of ECF filing 48, limits parties to 15 total Local Rule 33.3(b) and 33.3(c) interrogatories per side, this sentence does not alter, minimize, or obfuscate the obligations imposed by Local Rules 33.3(a), (b) and (c).

Moreover, notwithstanding the applicability of the Local Rules, your interrogatories, which seek facts supporting a particular allegation are inherently improper. See *Clean Earth Remediation and Construction Services Inc. v. American International Group Inc.,* 245 F.R.D. 137 (S.D.N.Y. 2007) in which the court declined to compel plaintiff to respond more fully to defendant's interrogatories, and suggested that the work product doctrine may impose additional limitations on interrogatories aimed at uncovering evidentiary support for specific claims. The court also held that contention interrogatories, may not be served until the conclusion of discovery in accordance with Local Civil Rule 33.3(c).

In sum, Music Sales stands by the objections contained in its Responses served on June 21, 2021. Should you have any further questions, please do not hesitate to contact me. Thank you for your anticipated cooperation.

Very truly yours,

*/s/ Madison A. Kucker*

Madison A. Kucker