# **Exhibit J**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
: 
:
:
PAULETTE RUBINSTEIN, : CASE NO.: 19-CV-11187 (LJL) (JLC)
:
Plaintiff, :
: **PLAINTIFF'S FIRST SET OF**
-against- : **REQUESTS FOR PRODUCTION OF**
: **DOCUMENTS**
MUSIC SALES CORPORATION, :
:
Defendant. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Paulette Rubinstein, by and through her undersigned counsel, hereby requests that Defendant Music Sales Corporation produce for inspection and copying the below-identified documents and things in its possession, custody, or control. Production should be made within thirty (30) days of service hereof to the office of Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, New York 10178, or to such other place as may be mutually agreed upon.

**DEFINITIONS AND INSTRUCTIONS**

The following Definitions and Instructions apply to each Request:

1. The terms defined in Local Civil Rule 26.3 are incorporated herein and have the meanings given them in that Rule.

2. The term "Rubinstein" means Plaintiff Paulette Rubinstein (a.k.a. Paulette Girard) and shall include all present or former agents, legal representatives, or other persons acting or purporting to act on her behalf, including without limitation Liane Curtis.

3. The terms "Defendant," "MSC," "You," or "Your" mean Defendant Music Sales Corporation including, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

4. The term "Composition" means the musical composition "If I'm Lucky (I'll Be the One)" that was authored, at least in part, by Rubinstein, and any sound recording of such musical composition.

5. The term "Co-Writer" means Charles Darwin (a.k.a. Chuck Darwin), who co-authored the Composition with Rubinstein, and includes all present or former agents, legal representatives, or other persons acting or purporting to act on his behalf.

6. The term "Agreement" means the 1947 Revised Uniform Popular Songwriters Contract attached as Exhibit B to Rubinstein's First Amended Complaint, located at ECF No. 25-2.

7. The term "Valiant" means Valiant Music Co., Inc. and includes its predecessors, successors, affiliates, subsidiaries, divisions, parents, assignees, joint ventures, and each other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, agents, legal representatives, consultants or other persons acting or purporting to act on its behalf.

8. The term "Original Registration" means United States copyright registration number EU362802, attached as Exhibit A to Rubinstein's First Amended Complaint and located at ECF No. 25-1.

9. The term "Renewal Registration" means United States renewal registration copyright number RE0000147058, attached as Exhibit C to Rubinstein's First Amended Complaint and located at ECF No. 25-3.

10. The term "Harry Fox Agreement" refers to the agreement attached as Exhibit D to Rubinstein's First Amended Complaint, located at ECF No. 25-4.

11. No part of a Request shall be left unanswered merely because an objection is interposed to another part of the Request.

12. If any of the Requests cannot be responded to in full, please respond to the extent possible and state the reason(s) why a more complete response cannot be provided.

13. In answering these Requests, You are required not only to furnish such documents and things that You have in Your own personal possession, custody or control, but also documents and things that are in the possession, custody or control of Your attorneys, investigators, or anyone acting on Your behalf or their behalf. If, after having consulted all the aforementioned persons, You are unable to fully respond to any Request or portion thereof, describe in detail Your efforts to obtain the documents or things sought by the Request or portion thereof.

14. Where an objection is made to any Request or subpart thereof, the objection shall state with specificity all grounds on which the objection is based.

15. Where a claim of privilege is asserted in objecting to these Requests, MSC shall identify the nature of the privilege (including work product) that is being claimed; and the following information shall be provided in the objection:

   a. the type of communication, e.g., letter or telephone conversation;

   b. the general subject matter of the communication;

    c. the date of the communication;

    d. the author(s) of the communication;

    e. the addressee(s) of the communication;

    f. the indicated and blind copy recipient(s) of the communication;

    g. the number of pages, attachments or appendices (if a document); and

    h. where not apparent, the relationship of the author(s), addressee(s) and recipient(s) of the communication to each other.

16. Documents produced in response to these Requests are to be organized and labeled to correspond to each Request set forth below, unless such documents are produced as they are kept in the usual course of business. Documents stapled, clipped, bound, or otherwise attached to each other are not to be separated. Documents contained, maintained, or stored in file folders or any other fastener are to be produced in such a manner as to identify the label on such file folder or fastener.

17. In the event that any of these Requests calls for the identification of a document that has been lost or destroyed, or for information contained in such a document, such document is to be identified by stating the following:

    a. the type of document, e.g., letter or memorandum;

    b. the general subject matter of the document;

    c. the date of the document;

    d. the author(s) of the document;

    e. the addressee(s) of the document;

    f. the recipient(s) of the document;

g. where not apparent, the relationship of the author(s), addressee(s) and recipient(s) of the document to each other;

h. the custodian(s) of the document or person(s) otherwise responsible for the document's safekeeping, storage, or filing;

i. the date the document was lost or destroyed; and

j. the circumstances surrounding the loss of the document and, if the document was destroyed, the reason for the circumstances surrounding its destruction.

18. These Requests shall be deemed to be continuing so that any additional documents or things responsive to these Requests that You may acquire, or that may become known to You, shall be furnished to MSC as required by Federal Rule of Civil Procedure 26(e). Such supplemental documents or things are to be supplied promptly with a designation as the Request to which it is responsive.

**REQUESTS FOR PRODUCTION**

REQUEST NO. 1:   All agreements concerning the Composition, including without limitation any agreement with Spotify.

REQUEST NO. 2:   To the extent not produced in response to Request No. 1 above, all licenses or other agreements between You and Valiant concerning the Composition.

REQUEST NO. 3:   All communications concerning any agreement produced in response to Request No. 1 above.

REQUEST NO. 4:   All documents regarding Your offer or advertisement to license or otherwise dispose of rights in the Composition.

REQUEST NO. 5:   Documents sufficient to show all revenue derived by MSC from the license of or other disposition of rights in the Composition.

REQUEST NO. 6:   All documents concerning ownership of the copyright in the Composition.

REQUEST NO. 7:   To the extent not produced in response to Request No. 6 above, all documents concerning the Original Registration.

REQUEST NO. 8:   To the extent not produced in response to Request No. 6 above, all documents concerning the Renewal Registration.

REQUEST NO. 9:   All communications between MSC and Rubinstein concerning any application to participate in any of Your licensing activities, to receive royalties, to register the Composition, or to otherwise participate in Your services concerning the Composition.

REQUEST NO. 10:   All communications between MSC and Co-Author concerning any application to participate in any of Your licensing activities, to receive royalties, to register the Composition, or to otherwise participate in Your services concerning the Composition.

REQUEST NO. 11:    All communications concerning or referencing Rubinstein.

REQUEST NO. 12:    All communications concerning of referencing Co-Writer.

REQUEST NO. 13:    Documents sufficient to show MSC's document retention policies.

REQUEST NO. 14:    To the extent not produced in response to any other Request, copies of any and all documents, records or writings made in the ordinary course of business concerning the Composition.

Dated: October 12, 2020  
       New York, New York

Respectfully submitted,

By: /s/ *Michael S. Kraut*  
*Michael S. Kraut*  
MORGAN, LEWIS & BOCKIUS LLP  
101 Park Avenue  
New York, New York 10178  
Telephone: 212-309-6000  
Michael.kraut@morganlewis.com

*Counsel for Plaintiff Paulette Rubinstein*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2020, a true and accurate copy of the foregoing document was served on counsel for Music Sales Corporation by emailing a copy to:

Timothy M. O'Donnell
odohmnail@aol.com

/s/ *Kathryn A. Feiereisel*
Kathryn A. Feiereisel
