# **Exhibit K**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
                                            :

PAULETTE RUBINSTEIN,         :   CASE NO.: 19-CV-11187 (LJL) (JLC)

        Plaintiff,            :

 -against-                 :   **PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

MUSIC SALES CORPORATION,   :

        Defendant.          :

                                           :
------------------------------------- X

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Paulette Rubinstein, by and through her undersigned counsel, hereby requests that Defendant Music Sales Corporation produce for inspection and copying the below-identified documents and things in its possession, custody, or control. Production should be made within thirty (30) days of service hereof to the office of Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, New York 10178, or to such other place as may be mutually agreed upon.

**DEFINITIONS AND INSTRUCTIONS**

The following Definitions and Instructions apply to each Request:

1. The terms defined in Local Civil Rule 26.3 are incorporated herein and have the meanings given them in that Rule.

2. The term "Rubinstein" means Plaintiff Paulette Rubinstein (a.k.a. Paulette Girard) and shall include all present or former agents, legal representatives, or other persons acting or purporting to act on her behalf, including without limitation Liane Curtis.

3. The terms "Defendant," "MSC," "You," or "Your" mean Defendant Music Sales Corporation including, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

4. The term "Composition" means the musical composition "If I'm Lucky (I'll Be the One)" that was authored, at least in part, by Rubinstein, and any sound recording of such musical composition.

5. The term "Darwin" means Charles Darwin (a.k.a. Chuck Darwin) and includes all present or former agents, legal representatives, or other persons acting or purporting to act on his behalf.

6. The term "Litigation" means Civil Action No. 19-cv-11187, filed in the United States District Court for the Southern District of New York.

7. The term "First Amended Complaint" means ECF No. 25 in the Litigation.

8. The term "Answer" means ECF No. 34 in the Litigation.

9. The term "Valiant" means Valiant Music Co., Inc. and includes its predecessors, successors, affiliates, subsidiaries, divisions, parents, assignees, joint ventures, and each other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, agents, legal representatives, consultants or other persons acting or purporting to act on its behalf.

10. The term "Thornwood" means Thornwood Music Publishing Company and includes its predecessors, successors, affiliates, subsidiaries, divisions, parents, and each other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or

former partners, principals, employees, officers, agents, legal representatives, consultants or other persons acting or purporting to act on its behalf.

11. The term "Agreement" means the 1947 Revised Uniform Popular Songwriters Contract attached as Exhibit B to Rubinstein's First Amended Complaint, located at ECF No. 25-2.

12. The term "March 1961 Agreement" means the assignment from Thornwood to Valiant of the Composition, which is reflected in the U.S. Copyright Office's public records as having a date of execution of March 9, 1961 and a date of recordation at the U.S. Copyright Office on May 15, 1961 at "Recorded vol. 1100, pp. 146."

13. The term "1985 Agreement" means the assignment from Valiant to MSC of "Ask anyone in love & 25 other titles" including a musical composition entitled "If I'm Lucky I'll be" "By Chuck Darwin & Paulette Guard" which, according to the U.S. Copyright Office public record number V2156P508-510, had a date of execution of December 2, 1985 and a date of recordation at the U.S. Copyright Office on December 20, 1985.

14. The term "1985 Vivan Evans Agreement" means the assignment from "Vivan Evans, Thomas Redd Evans, Jeffrey Redd Evans, Susan Redd Hansel & Nilene Redd Evans" to MSC of "American beauty rose & 66 other titles" which, according to the U.S. Copyright Office public record number V2156P522-531, had a date of execution of November 1, 1985 and a date of recordation at the U.S. Copyright Office on December 20, 1985.

15. The term "1985 Redd Evans Agreement" means the assignment from "Redd Evans Music Company" to MSC of "American beauty rose & 82 other titles" which, according to the U.S. Copyright Office public record number V2156P498-507, had a date of execution of December 2, 1985 and a date of recordation at the U.S. Copyright Office on December 20, 1985.

16. The term "Original Registration" means the United States initial copyright registration for the Composition, Registration Number EU 362-802, effective June 29, 1954.

17. The term "Record of Original Registration" means the U.S. Copyright Office public catalog record of the facts stated in the Original Registration as shown in Exhibit A to Rubinstein's First Amended Complaint and located at ECF No. 25-1.

18. The term "Renewal Registration" means the United States renewal copyright registration for the Composition, Registration Number RE 147-058.

19. The term "Record of Renewal Registration" means the U.S. Copyright Office public catalog record of the facts stated for RE 147-058 as shown in Exhibit C to Rubinstein's First Amended Complaint and located at ECF No. 25-3.

20. The term "Harry Fox" means the Harry Fox Agency, Inc. and includes its predecessors, successors, affiliates, subsidiaries, divisions, parents, and each other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, agents, legal representatives, consultants or other persons acting or purporting to act on its behalf.

21. The term "Harry Fox Agreement" refers to the agreement attached as Exhibit D to Rubinstein's First Amended Complaint, located at ECF No. 25-4.

22. No part of a Request shall be left unanswered merely because an objection is interposed to another part of the Request.

23. If any of the Requests cannot be responded to in full, please respond to the extent possible and state the reason(s) why a more complete response cannot be provided.

24. In answering these Requests, You are required not only to furnish such documents and things that You have in Your own personal possession, custody or control, but also

documents and things that are in the possession, custody or control of Your attorneys, investigators, or anyone acting on Your behalf or their behalf.  If, after having consulted all the aforementioned persons, You are unable to fully respond to any Request or portion thereof, describe in detail Your efforts to obtain the documents or things sought by the Request or portion thereof.

25. Where an objection is made to any Request or subpart thereof, the objection shall state with specificity all grounds on which the objection is based.

26. Where a claim of privilege is asserted in objecting to these Requests, MSC shall identify the nature of the privilege (including work product) that is being claimed; and the following information shall be provided in the objection:

    a. the type of communication, e.g., letter or telephone conversation;

    b. the general subject matter of the communication;

    c. the date of the communication;

    d. the author(s) of the communication;

    e. the addressee(s) of the communication;

    f. the indicated and blind copy recipient(s) of the communication;

    g. the number of pages, attachments or appendices (if a document); and

    h. where not apparent, the relationship of the author(s), addressee(s) and recipient(s) of the communication to each other.

27. Documents produced in response to these Requests are to be organized and labeled to correspond to each Request set forth below, unless such documents are produced as they are kept in the usual course of business.  Documents stapled, clipped, bound, or otherwise attached to each other are not to be separated.  Documents contained, maintained, or stored in

file folders or any other fastener are to be produced in such a manner as to identify the label on such file folder or fastener.

28. In the event that any of these Requests calls for the identification of a document that has been lost or destroyed, or for information contained in such a document, such document is to be identified by stating the following:

    a. the type of document, e.g., letter or memorandum;

    b. the general subject matter of the document;

    c. the date of the document;

    d. the author(s) of the document;

    e. the addressee(s) of the document;

    f. the recipient(s) of the document;

    g. where not apparent, the relationship of the author(s), addressee(s) and recipient(s) of the document to each other;

    h. the custodian(s) of the document or person(s) otherwise responsible for the document's safekeeping, storage, or filing;

    i. the date the document was lost or destroyed; and

    j. the circumstances surrounding the loss of the document and, if the document was destroyed, the reason for the circumstances surrounding its destruction.

29. These Requests shall be deemed to be continuing so that any additional documents or things responsive to these Requests that You may acquire, or that may become known to You, shall be furnished to MSC as required by Federal Rule of Civil Procedure 26(e).

Such supplemental documents or things are to be supplied promptly with a designation as the Request to which it is responsive.

**REQUESTS FOR PRODUCTION**

REQUEST NO. 15:    All communications between MSC and Darwin concerning any application to participate in any of Your licensing activities, to receive royalties, to register the musical composition aspect of the Composition, or to otherwise participate in Your services concerning the musical composition aspect of the Composition.

REQUEST NO. 16:    All communications concerning Rubinstein's ownership of copyright in the musical composition aspect of the Composition, including but not limited to any communications with Rubinstein.

REQUEST NO. 17:    Documents sufficient to show the corporate structure of MSC on and after December 1, 1985 to present, including but not limited to its affiliates, subsidiaries, parent corporations, as well as trade names under which MSC operates in all territories where the musical composition aspect of the Composition has been licensed on or after December 6, 2016.

REQUEST NO. 18:    All licenses or other agreements, entered into on or after December 2, 1985, by which Music Sales Corporation authorized an affiliate, subsidiary, parent corporation, or third party to reproduce, distribute, publicly perform, publicly display, synch, create a derivative work of, or to sublicense such uses of, the musical composition aspect of the Composition that resulted in such use on or after December 6, 2016.

REQUEST NO. 19:    Documents sufficient to show all third party licensing organizations throughout the world that, on or after December 6, 2016, have distributed royalties to MSC for any reproduction, distribution, public performance, public display, synch, mechanical, derivative work or other use of the musical composition aspect of the Composition that occurred on or after December 6, 2016.

REQUEST NO. 20: For all royalties MSC received concerning licensed use of the musical composition aspect of the Composition on or after December 6, 2016, the licenses from which such royalties were generated or documents sufficient to show: (i) the licensor(s); (ii) the licensee(s); (iii) the type of use authorized (e.g., synch, reproduction, distribution, public performance); (iv) the territory of the use; (v) the date and duration of the use; and (vi) the royalty or other fee for the licensed use.

REQUEST NO. 21: All communications on or after December 6, 2016 concerning MSC's licensing of the musical composition aspect of the Composition.

REQUEST NO. 22: All communications on or after January 1, 2011 with Liane Curtis concerning the musical composition aspect of the Composition.

REQUEST NO. 23: All documents provided to and communications with third parties concerning MSC's actions to withdraw its claim of ownership or control of the copyright in the United States and Canada for the musical composition aspect of the Composition.

REQUEST NO. 24: All royalty statements sent by MSC to Rubinstein concerning the musical composition aspect of the Composition.

REQUEST NO. 25: All Notices of Intention (as that term is commonly understood in relation to 17 U.S.C. § 115) received by MSC concerning the musical composition aspect of the Composition between January 1, 2014 to present.

REQUEST NO. 26: Documents sufficient to show whether MSC purchased the entire music catalog of Valiant, including copies of the 1985 Agreement, 1985 Vivan Evans Agreement, and 1985 Redd Evans Agreement.

REQUEST NO. 27: MSC's copy of the Agreement.

REQUEST NO. 28: All copyright registrations for the musical work aspect of the Composition issued by a government agency.

REQUEST NO. 29: All of Your policies concerning investigation and resolution of copyright ownership disputes with musical composition authors.

REQUEST NO. 30: To the extent not produced in response to any other Request, copies of any and all documents, records or writings on which MSC intends to rely in support of its claims and defenses in this Litigation.

Dated: April 12, 2021               Respectfully submitted,


                                    By: /s/ *Rachel E. Fertig*
                                        Rachel E. Fertig
                                        J. Kevin Fee
                                        MORGAN, LEWIS & BOCKIUS LLP
                                        1111 Pennsylvania Avenue NW
                                        Washington, DC 20004
                                        Telephone: 202-739-3000
                                        rachel.fertig@morganlewis.com
                                        kevin.fee@morganlewis.com

                                        Michael S. Kraut
                                        MORGAN, LEWIS & BOCKIUS LLP
                                        101 Park Avenue
                                        New York, NY 10178
                                        Telephone: 221-309-6000
                                        Michael.kraut@morganlewis.com

                                        *Counsel for Plaintiff Paulette Rubinstein*

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2021, a true and accurate copy of the foregoing document was served on counsel for Music Sales Corporation by emailing a copy to:

Timothy M. O'Donnell
odohmnail@aol.com

/s/ *Rachel E. Fertig*
Rachel E. Fertig

-11-