```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
PAULETTE RUBINSTEIN,                                             :
                                                                 :
                                         Plaintiff,              :
                                                                 :     19-cv-11187 (LJL)
                  -v-                                            :
                                                                 :     MEMORANDUM AND
MUSIC SALES CORP.,                                               :          ORDER
                                                                 :
                                         Defendant.              :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/3/2021

LEWIS J. LIMAN, United States District Judge:

Plaintiff moves to compel discovery pursuant to Federal Rule of Civil Procedure 37. Dkt No. 68. The motion is granted in part and denied in part.

This is a declaratory judgment action, filed in December 2019, regarding the ownership of the worldwide rights to a single titled "If I'm Luck (I'll Be the One)" (the "Composition") co-written by the Plaintiff Paulette Rubinstein ("Plaintiff" or "Rubinstein") in 1954 and registered that same year as an unpublished musical work with the United States Copyright Office. Dkt. No. 25 ¶ 2. The Composition has been recorded numerous times by different musicians, including Carmen McRae and John Coltrane. *Id*. ¶ 16. In 1961, Rubinstein and her co-writer entered into an agreement (the "1961 Agreement") that assigned to Valiant Music Co. ("Valiant") the right to secure a worldwide copyright for either (a) the original term of the U.S. copyright or (b) for a period of 28 years from the date of the Composition's publication. *Id*. ¶¶ 19-20. Plaintiff claims that the Agreement expired in 1982 at which time all rights to the Composition automatically reverted back to her and her co-writer. *Id*. ¶¶ 4-5. Rubinstein and her co-writer renewed their copyright in 1982. *Id*. ¶ 31.

Defendant Music Sales Corporation ("Defendant" or "MSC"), which acquired rights to certain songs from Valiant in 1985 (the "1985 Agreement"), claims that it acquired rights to the Composition.  It disclaims ownership of the rights to the Composition within the United States and Canada but claims that it still owns the rights to the Composition outside of the United States.  In addition to a declaratory judgment, Rubinstein claims that Defendant has been unjustly enriched and seeks an injunction preventing Defendant from asserting any rights to the Composition, statutory and actual damages and disgorgement and an accounting of any monies collected by Defendant as a result of its exploitation of the rights to the Composition.

Plaintiff relies on two sections of the 1961 Agreement.  Section 8 provides:

> **All rights to the composition and any copyrights secured thereon throughout the world, shall revert to the Writer upon expiration of the original term of the United States copyright or at the end of twenty-eight (28) years from the date of publication in the United States, whichever period shall be shorter.**  The Publisher shall, at the expiration of said period, execute any and all documents which may be necessary or proper to re-vest in the Writer any and all rights in and to the composition and in and to any copyright in the United States or any other countries throughout the world; *provided*, *however*, that if the Writer shall sell or assign to some person other than the Publisher, his rights in the United States renewal copyright in the composition, or any of his rights in the composition in the United States or elsewhere, for the period beyond said original term or twenty-eight years, as the case may be, then, unless there shall have been given to the Publisher at least six months' written notice of an intention to offer said rights for sale, the Publisher shall not be obligated to assign to the Writer said rights in countries other than the United States and Canada, and this contract, and the assignment under Paragraph 1 hereof, shall continue in respect of such rights in countries other than the United States and Canada.

Dkt. No. 25-2 § 8 (emphasis added).

Plaintiff relies on the language in bold.  She also asserts that the proviso is inapplicable because she did not sell or assign her rights in the Composition.  Defendant asserts that the copyright did not revert to Rubinstein because she did not send notice pursuant to Paragraph 8 of the 1961 Agreement to Valiant six months prior to the expiration of the Agreement asserting her right to retain the worldwide rights.

2

      Section 18 of the Agreement provides in relevant part:

> Except to the extent herein otherwise expressly provided, Published shall not sell, transfer, assign, convey, encumber or otherwise disposition of the composition [sic] or the copyright or copyrights secured thereon without the prior written consent of the Writer. .. provided, however, that the composition may be included by the Publisher in a bona fide voluntary sale of its music business or its entire catalog of music compositions, or in a merger or consolidation of the Publisher with another corporation … Anu such transfer or assignment shall, however, be conditioned upon the execution and delivery by the transferee or assignee to the Writer of an agreement to be bound by and to perform of the terms and conditions of this contract to be performed on the part of the Publisher.

Dkt. No. 25-2 § 18.

      Valiant is defined as the Publisher and Rubinstein, along with the co-writer, is the Writer. Plaintiff claims that she did not consent to any assignment or transfer of the Composition and that neither Valiant's successor nor MSC executed a separate agreement with her and her co-writer after agreeing to be bound by the terms of the 1961 Agreement. Thus, she claims in the alternative that if Valiant owned the Composition as of 1985 it did not have the right to transfer rights to it and any assignment or transfer would be invalid.

      Plaintiff also relies upon Section 304(a)(1)(C) of the Copyright Act which provides in relevant part, for works first authored by individual authors, "the author of such work, if the author is still living . . . shall be entitled to a renewal and extension of the copyright in such work for a further term of 67 years." 17 U.S.C. § 304(a)(1)(C). The Copyright Act further provides that for such an author to secure a renewal term, "[a]n application to register a claim to the renewed and extended term of copyright in a word" had to be made to the Copyright Office "within 1 year before the expiration of the original term of copyright by any person entitled under paragraph [304(a)(1)(C)]." 17 U.S.C. § 304(a)(3)(A)(i). Plaintiff claims that her co-writer timely filed an application for the renewal copyright listing Plaintiff as a co-author. Dkt. No. 25 ¶ 28.

3

Plaintiff originally sought an order compelling Defendant to respond to a number of the requests for production of documents, interrogatories, and requests for admission and for an extension of discovery to allow Defendant to cure its discovery deficiencies, allow Plaintiff time to review Defendant's responses and take meaningful depositions, and permit the parties to discuss a potential settlement.  Dkt No. 68.  Defendant did not respond.  The Court held a conference on July 26, 2021.  At that conference, the Court ruled on the interrogatories and on the request for an extension of discovery, ordered the parties to meet and confer, and provided for supplemental briefing with respect to any discovery requests that the parties could not resolve.  Plaintiff filed its supplemental letter on July 28, 2021, listing the discovery disputes that had been resolved and the remaining discovery disputes for the court's resolution and setting forth a revised chart of deadlines by which it sought to require Defendant to produce or respond to Plaintiff's discovery requests.  Dkt No. 72.  Defendant responded on August 2, 2021.  Dkt No. 73.  Only two sets of requests for admission are still at issue.

RFA # 10 states as follows: "Admit that the Composition would have fallen into the public domain in the United States if a renewal registration had not been obtained for the Composition in accordance with 17 U.S.C. § 304."  Dkt. No. 72 at 2.

There is no dispute regarding the relevance of the RFA.  As the Court understands it, Plaintiff's point is that under Section 304, the right to the renewal copyright remained with her and her co-writers as long as they timely filed an application for a renewal and Valiant could not have transferred to MSC a right with respect to the renewal that Valiant did not own.  Defendant responds that the RFA is improper as it asks Defendant to respond to a legal question unconnected to the facts of the case at bar.

Under Rule 36(a)(1), a party may serve a request for admission "relating to: (A) facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). The advisory committee notes to the 1970 amendment explain that the rule "does not authorize requests for admission of law unrelated to the facts of the case." *Id*. advisory committee's note to 1970 amendment. "The distinction is not always easy to apply" and "[t]he Court is 'invested with substantial discretion under Rule 36 … to determine the propriety of plaintiff's requests.'" *Versatile Housewares v. SAS Group,* 2010 WL 11601225, at *1 (S.D.N.Y. July 15, 2010) (quoting *Dubin v. E.F. Hutton Group,* 125 F.R.D. 372, 373 (S.D.N.Y. 1989)).

Requests for admission that call for the answer to hypothetical questions are not proper. *Storck USA, L.P. v. Farley Candy Co., Inc.*, 1995 WL 153260, at *3 (N.D. Ill. Apr. 6, 1995). Nor are "pure requests for admissions of law," even if the legal conclusions may follow from facts that could be admitted. *Williams v. Krieger*, 61 F.R.D. 142, 144 (S.D.N.Y. 1973); *see also Coach, Inc. v. Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 433 (S.D.N.Y. 2012) (same). Thus, for example, a request for admission that asked whether a patent was valid or "whether a product or process infringes or whether infringement has occurred" would be improper. *Tulip Computers Intern. B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 108 (D. Del. 2002)

The advisory committee's note to the 1970 amendment to the Federal Rules adding the language regarding "the application of law to fact," and eliminating the restriction that requests to admit be limited to matters of fact, cites to the case of *McSparran v. Hanigan*, 225 F. Supp. 628, 636 (E.D. Pa. 1963), *aff'd sub nom. McSparran v. Subers*, 356 F.2d 983 (3d Cir. 1966), as an example of a proper request about the application of law to fact. The request in that case sought an admission that: "at the time of the accident in suit, the premises on which said accident occurred, were occupied or under the control of defendant, John McShain, Inc." *Id*.

5

RFA # 10 falls on the impermissible side of the line.  The renewal registration was obtained so the question is purely hypothetical.  It also calls for a legal conclusion.  Plaintiff is not seeking an admission that the Composition was in the public domain in a colloquial sense, but in a legal sense—that had the renewal registration not been obtained, the Composition could have been copied without infringement.  Therefore, it will not be allowed and the motion to compel with respect to RFA # 10 is denied.

RFA's 23-30 pertain to questions about whether Valiant sold its entire music catalogue or only part of its music catalogue to MSC pursuant to the 1985 Agreement.  *See* Dkt. No. 72 at 2.  Plaintiff argues that the RFA is relevant to the ownership element of Plaintiff's copyright infringement claim (namely that Plaintiff owns the copyright in the Composition, including the right to exploit the copyright outside of the United States) and Defendant's defenses thereto.  If Valiant did not sell its entire music business or if it did not merge with or consolidate into MSC and if MSC was never a subsidiary or affiliate of Valiant, those facts would tend to support the notion that MSC never acquired the rights to the Composition and that the rights reverted to Plaintiff.

Defendant objects to the RFAs on the dual grounds that they call for information outside of MSC's possession, knowledge and control, and that the RFAs do not reasonably pertain to Plaintiff's claim or Defendant's defense and are disproportionate to the issues at stake in the action and the small amount in controversy.  Defendant notes that the case involves a single composition which has earned merely $3,716.58 in royalties over its entire lifetime and that it has already relinquished rights to the Composition in the United States and Canada and the only copyright issue currently disputed pertains to ownership of foreign copyrights in the Composition, in accordance with Paragraph 8(a) of the 1961 Agreement.

The objections are not well taken.  Rule 36 permits a party to answer a request for admission on the grounds that it lacks knowledge or information but under Rule 36(a)(4) "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  Fed. R. Civ. P. 36(a)(4).  The mere assertion in a letter that the answering party lacks information is not grounds for a protective order relieving the answering party from even making that reasonable inquiry.  Tellingly, Defendant here fails even to assert how information about the assets it acquired pursuant to an agreement are outside of its knowledge or information.  Plaintiff has convincingly explained the relevance of the RFA.  "[R]equests for admission are subject to the broad standard for relevance in discovery set by Rule 26."  R. Haig, Business and Commercial Litigation in Federal Courts § 28:6, at 1021 (4th ed. 2016).  As to the proportionality of the requests, what was transferred to MSC—and whether it could be transferred—are among the central issues in the case.  Defendant has not set forth any particular burden it will face in answering the RFAs.  Thus Plaintiff's motion with respect to RFAs 23-30 is granted.

Finally, consistent with the Court's orders on July 26, 2021, Plaintiff's letter sets forth a chart providing, among other things, that Defendant shall substantially complete production of documents by August 6, 2021, shall respond to the requests for admission by August 9, 2021 and shall serve complete responses to Interrogatories Nos. 11-18 by August 9, 2021, on pain that requests for admission not admitted or denied by August 9, 2021 are deemed admitted.  Dkt No. 72. Defendant asks for a one-week extension of the deadline for interrogatory responses and responses to the requests for admission to August 16, 2021 to permit it to meet the August 6, 2021 deadline for producing documents and to answer the 50 requests for admission and the

thirteen contention interrogatories.  The Court grants Defendant the requested extension and otherwise (i.e., substituting the date August 16, 2021 for August 9, 2021) adopts Plaintiff's chart and incorporates it herein as the Court's order.  The August 16, 2021 deadline should permit the parties to complete all fact depositions between September 28, 2021 and October 12, 2021 and the parties are ordered to do so consistent with the Fourth Amended Case Management Plan and Scheduling Order.  Dkt No. 71.

       SO ORDERED.

Dated: August 3, 2021
       New York, New York

                                        LEWIS J. LIMAN
                                       United States District Judge